(No. 2481—

BARTONVILLE BUS LINE, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 15, 1939.*

Claimant, pro se.

OTTO KERNER, Attorney General; JOHN KASSERMAN and GLENN A. TREVOR, Assistant Attorneys General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

Rehearing having been granted on motion of the respondent, the following is substituted for the original opinion herein.

On January 30, 1934, Peoria Bus Transportation Company, a subsidiary of the claimant herein filed with the Secretary of State, its annual report, upon which it was assessed a franchise tax in the amount of $13.70, which tax was paid by

claimant on May 22nd, 1934, under the impression that the same covered the preceding calendar year, whereas in fact it covered the year commencing July 1, 1934.

On June 15th, 1934 said Peoria Bus Transportation Company filed in the office of the Secretary of State its statement of intent to dissolve, and on June 26, 1934 Articles of Dissolution were duly filed and certificate of dissolution duly issued by the Secretary of State.

Under the laws then in force the franchise tax was based upon the sum of the stated capital and paid in surplus as of December 31st of the preceding calendar year, less any reduction made prior to June 25th of the current calendar year, as disclosed by any report or document filed by the corporation in office of the Secretary of State, *Cahill's Revised Statutes, 1933 Chap. 22 Par, 132.* Statement of intent to dissolve having been filed on June 15th, 1934, and certificate of dissolution having thereafter been issued pursuant thereto, it would appear that the effective date thereof was the date of filing, to wit June 15th, 1934. Consequently there was no capital and no paid in surplus of the Corporation of June 25th, 1934, and no tax was due from the Corporation for the year commencing July 1, 1934.

All of the assets of said Peoria Bus Transportation Company were, at the time of dissolution thereof, transferred to the claimant herein, which now seeks to recover the amount of the franchise tax so paid as aforesaid.

The Attorney General contends that the tax in question was paid voluntarily, with a knowledge of all the facts, and that under the law as laid down by this court in the case of *Butler Company* vs. *State*, 9 C. C. R. 503, claimant is not entitled to a refund of the tax so paid as aforesaid.

In the Butler Company case, this court said: ''Our courts have uniformly held that where an illegal or excessive tax is paid voluntarily, and with a full knowledge of all the facts, it cannot be recovered;'' and in the same case we also said: ''It is also uniformly held that where such tax is paid under a mistake of fact, it is not considered as having been voluntarily paid, and may therefore be recovered.''

In making payment of tax in question, the taxpayer was under the impression that it was paying the tax for the preceding calendar year. As a matter of fact the tax for the preceding calendar year had theretofore been paid, and no

further tax became due from the corporation, as it was dissolved before the next due date.

It is often a difficult matter to distinguish between a mistake of fact and a mistake of law, but as we view the matter, the payment in this case was made under a mistake of fact, and claimant is therefore entitled to an award for the amount paid.

Award is entered in favor of the claimant for the sum of Thirteen and 70/100 ($13.70) Dollars.